IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE,

                    Plaintiff,                                     ORDER

               v.                                            12-cv-382-bbc

WISCONSIN DEPARTMENT OF CORRECTIONS,
GARY HAMBLIN, KATHRYN ANDERSON,
CATHY JESS, JUDY SMITH, COLLEEN JANIKOWSKI
and SANDY HENRICKSON,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Lloyd Schuenke, a prisoner at the Oshkosh Correctional Institution, has submitted a proposed complaint alleging that staff will not give him a new legal loan. Plaintiff seeks leave to proceed with his complaint in forma pauperis. However, because plaintiff has struck out under 28 U.S.C. § 1915(g), he cannot obtain indigent status under § 1915 unless his complaint alleges facts from which an inference may be drawn that he is in imminent danger of serious physical injury. After considering plaintiff's allegations, I will deny plaintiff's motion for leave to proceed in forma pauperis because he fails to raise allegations that qualify under the imminent danger standard.

1

I draw the following facts from plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff Lloyd Schuenke is a prisoner at the Oshkosh Correctional Institution. In July 2011, a new Wisconsin law took effect, which modified prison legal loan procedures. Defendants Cathy Jess and Kathryn Anderson issued a memorandum stating that all previously approved 2011 legal loans were rescinded.

In November 2011, plaintiff applied for a legal loan in order to file a petition for writ of habeas corpus and was approved, with the warning that he had only $19.61 left on his $100 balance. In 2012, plaintiff submitted several applications for legal loans but they were all denied by defendant Colleen Janikowski.

DISCUSSION

Plaintiff has filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. However, as stated above, plaintiff has struck out under 28 U.S.C. § 1915(g). This provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

2

>granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has been denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Schuenke v. Wisconsin Dept. of Corrections, 96-C-748 (W.D. Wis. Sept. 30, 1996); Schuenke v. County of Milwaukee, 97-C-46 (W.D. Wis. Jan. 30, 1997); and Schuenke v. Wisconsin Dept. of Corrections, 98-C-95 (W.D. Wis. Mar. 23, 1998).

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). In his complaint, plaintiff alleges that prison staff will not grant him a 2012 legal loan so that he may pursue a habeas corpus action.

I note that plaintiff states in conclusory fashion at the end of his allegations that his "physical health and safety are both in imminent danger," but he does not include any allegations about defendants, explaining how they are personally involved in causing him injury or failing to protect him from harm, or even detailing what that harm is. Insofar as plaintiff may be trying to say that defendants are keeping him in danger in prison by

3

blocking his habeas claim, these allegations do not suffice under the imminent danger standard. If he is merely pursuing an access to the courts claim, he will have to pay the full $350 filing fee to proceed with this case.

If plaintiff means to say that there is currently some tangible threat to his safety in prison and that defendants are causing the harm or failing to protect him from it, his allegations are far too vague to support a claim. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Thus, if plaintiff seeks to pursue claims against defendants for causing injury or failing to protect him from harm, he will need to amend his complaint to include allegations describing defendants' personal involvement in creating the danger. I will give plaintiff a chance to either pay the $350 filing fee or provide an amended complaint before dismissing the case in its entirety.

ORDER

IT IS ORDERED that

1. Plaintiff Lloyd Schuenke's motion for leave to proceed in forma pauperis in this action, dkt. #1, is DENIED without prejudice because plaintiff's allegations do not qualify

under the imminent danger exception to 28 U.S.C. § 1915(g).

 2. Plaintiff's complaint is DISMISSED without prejudice under Fed. R. Civ. P. 8 to the extent he alleges that defendants are causing or failing to protect him from harm.

 3. Should plaintiff wish to proceed with this case, he will have until August 21, 2012 to either pay the entire $350 filing fee for this case or amend his complaint to provide allegations meeting the imminent danger standard. If he does neither of these things, his case will be dismissed.

 Entered this 31st day of July, 2012.

        BY THE COURT:
        /s/
        BARBARA B. CRABB
        District Judge